Dear Representatives, James D. Holt,
¶ 0 This office has received your request for an official Opinion asking, in effect, the following question:
May a municipality use funds generated from fines paidpursuant to an Interlocal Cooperation Agreement between themunicipality and the district court to pay the salary of thejudge of the municipal juvenile court?
¶ 1 The Oklahoma Juvenile Code is found at 10 O.S. 7301-1.1
to 10 O.S. 7307-1.7 (1995) ("the Code"). Section 10 O.S.7303-1.2(E)(1) grants a municipality authority to enter into interlocal agreements with the district court. The statute provides in pertinent part:
 A municipality may enter into an interlocal cooperation agreement with the district court pursuant to the Interlocal Cooperation Act, Sections 1001 through 1008 of Title 74 of the Oklahoma Statutes, to assume jurisdiction of cases involving children under eighteen (18) years of age charged with violating municipal ordinances relating to vandalism, shoplifting, trespassing, assault, battery, assault and battery, truancy, curfews, possession of low-point beer as defined in Section 163.2 of Title 37 of the Oklahoma Statutes, possession of alcoholic beverages as defined in Section 506 of Title 37 of the Oklahoma Statutes, disorderly conduct, public intoxication and failure to appear for a court appearance or comply with a court order.
10 O.S. 7303-1.2(E)(1) (1995).
¶ 2 Section 10 O.S. 7303-1.2(E)(3) grants a municipality the authority to fine juveniles convicted of violations of a municipal ordinance relating to one or more of the listed offenses. You have asked this office to determine whether a municipality entering into an Interlocal Cooperation Agreement pursuant to the above-referenced statute may use monies generated from fines to pay the salary of a municipal juvenile judge. Subsection F provides:
 Funds generated from fines paid pursuant to an interlocal cooperation agreement between a municipality and the district court pursuant to subsection E of this section shall be earmarked and used by the municipality only for the following purposes:
 1. To fund local programs which address problems of juvenile crime;
 2. To fund the costs of prosecutions authorized pursuant to subsection E of this section;
 3. To fund the costs of detention authorized pursuant to subsection E of this section; and
 4. To fund administrative costs related to local programs that address problems of juvenile crime or related to the prosecution, detention, or punishment authorized pursuant to subsection E of this section.
 Such earmarked funds shall not be used by the municipality for any purpose other than the purposes set forth in paragraphs 1 through 4 of this subsection.
10 O.S. 7303-1.2(F) (1995) (emphasis added).
¶ 3 In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. Wood v.Independent School District No. 141 of Pottawatomie County,661 P.2d 892 (Okla. 1983). One of the stated intentions of the Legislature is to:
 Provide procedures through which the provisions of the law are executed and enforced and which will assure the parties fair hearings at which their rights as citizens are recognized and protected.
10 O.S. 7301-1.2(8) (1995).
¶ 4 Subsection F(4) of Section 10 O.S. 7303-1.2(F)(4) allows the payment of administrative costs from funds generated from fines. Use of the funds is limited to the items listed. While the list does not specifically include the salary of a municipal judge, this item should be considered an administrative cost related to the prosecution, detention or punishment of juveniles and is an appropriate expenditure of fine money.
¶ 5 The Legislature specifically enunciated its intent that parties receive a fair hearing: without a judge there is no hearing. In the context of legislative intent the term "administrative costs," although not defined in the Code, should be construed to include the cost, including salary, of providing a judge.
¶ 6 The Legislature expressed its intention to provide hearings and also provided for interlocal agreements whereby municipalities may assume some juvenile jurisdiction. Without doubt, one of the direct administrative costs of providing a hearing is the expense attributable to a judge. Therefore, such an expenditure would be appropriate pursuant to 10 O.S.7303-1.2(F)(4) (1995).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 As used in the Oklahoma Juvenile Code, the term"administrative costs" includes the cost of providing a judge anda municipality may use funds generated from fines paid pursuantto an Interlocal Cooperation Agreement between the municipalityand the district court to pay the salary of a municipal juvenilecourt judge pursuant to 10 O.S. 7303-1.2(F)(4) (1995).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL